**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Rochelle N. Coates aka Rochelle N. Alverest <br> Debtor(s) | CHAPTER 13 |
| U.S. Bank National Association (Trustee for the Pennsylvania Housing Finance Agency, pursuant to a Trust Indenture dated as of April 01, 1982) <br> Moving Party <br> vs. | NO. 25-14878 AMC |
| Rochelle N. Coates aka Rochelle N. Alverest <br> Debtor <br> Gregory T. Alverest <br> Co-Debtor | 11 U.S.C. Sections 362 and 1301 |
| Kenneth E. West <br> Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.      As of June 16, 2026, the total amount due and owing at the time of maturity on the mortgage held by Movant on Debtor's residence is **$58,088.81**. The total amount due is itemized in Movant's Proof of Claim filed January 21, 2026.

2.      The Debtor shall cure said arrearages in the following manner:

a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the total amount due and owing of **$58,088.81**.

b). Movant shall file an Amended or Supplemental Proof of Claim to include the total amount due and owing of **$58,088.81**.

c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3.      The Debtor shall maintain current property taxes and insurance payments on the mortgage hereafter.

4.      Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5.      In the event property taxes and insurance payments under Section 3 above are not maintained pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's

attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court may enter an Order granting Movant relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(4).

6.      If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court may enter an order granting Movant relief from the automatic stay.

7.      If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8.      The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9.      The parties agree that a facsimile signature shall be considered an original signature.


Date:    June 16, 2026                          /s/ Maggie Soboleski
                                                Maggie Soboleski, Esq.
                                                Attorney for Movant


Date:    June 24, 2026                          *Michael D. Sayles*
                                                Michael D. Sayles, Esq.
                                                Attorney for Debtor


Date:    June 25, 2026                           /s/ Jack K. Miller, Esq    for
                                                Kenneth E. West
                                                Chapter 13 Trustee


Approved by the Court this _____ day of _____, 2026.  However, the Court retains discretion regarding entry of any further order.


                                                _____
                                                Bankruptcy Judge
                                                Ashely M. Chan